**L.B.F. 3015.1**

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **SIERRA L MCMONAGLE**

Case No.: **21-11560**

Chapter 13

Debtor(s)

## Chapter 13 Plan

☐ Original

☑ __Third__ Amended

Date: **September 30, 2021**

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
### MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
### NOTICE OF MEETING OF CREDITORS.

Part 1: Bankruptcy Rule 3015.1(c)  Disclosures

☐ Plan contains non-standard or additional provisions – see Part 9

☑ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $_____
Debtor shall pay the Trustee $_____ per month for _____ months; and then
Debtor shall pay the Trustee $_____ per month for the remaining _____ months.

**OR**

Debtor shall have already paid the Trustee $__**4,800.00**__ through month number __**3**__ and then shall pay the Trustee $**1,538.00** per month for the remaining __**57**__ months.

☑ Other changes in the scheduled plan payment are set forth in § 2(d)

§ **2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

§ **2(c) Alternative treatment of secured claims:**
☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

☐ **Sale of real property**
See § 7(c) below for detailed description

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Debtor | **SIERRA L MCMONAGLE** | Case number | **21-11560** |
| --- | --- | --- | --- |

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

THIS IS A 60 MONTH CHAPTER 13 PLAN

**§ 2(e) Estimated Distribution**

| | | | | |
| --- | --- | --- | --- | --- |
| A. | Total Priority Claims (Part 3) | | | |
| | 1. Unpaid attorney's fees | $ | | **0.00** |
| | 2. Unpaid attorney's cost | $ | | **0.00** |
| | 3. Other priority claims (e.g., priority taxes) | $ | | **3,157.74** |
| B. | Total distribution to cure defaults (§ 4(b)) | $ | | **74,781.38** |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | $ | | **1,496.40** |
| D. | Total distribution on general unsecured claims (Part 5) | $ | | **3,724.62** |
| | Subtotal | $ | | **83,160.14** |
| E. | Estimated Trustee's Commission | $ | | **9,240.00** |
| F. | Base Amount | $ | | **92,400.60** |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☑ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $___5,000.00___ with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

## Part 3: Priority Claims

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
| --- | --- | --- | --- |
| **INTERNAL REVENUE SERVICE** | **1** | **11 U.S.C. 507(a)(8)** | $ **3,157.74** |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

## Part 4: Secured Claims

**§ 4(a) ) Secured Claims Receiving No Distribution from the Trustee:**

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Claim Number | Secured Property |
| --- | --- | --- |
| | | |

2

| Debtor | **SIERRA L MCMONAGLE** | Case number | **21-11560** |
|---|---|---|---|

| | | |
|---|---|---|
| ☑ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. <br> **AMERICAN HERITAGE FCU** | **3** | **418 OAKLAND DR Downingtown, PA 19335  Chester County** |

### § 4(b) Curing default and maintaining payments

☐        **None.** If "None" is checked, the rest of § 4(b) need not be completed.

        The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| **Rushmore Loan Mgmt Srvc** | **4** | **418 OAKLAND DR Downingtown, PA 19335 Chester County** | **$74,781.38** |

### § 4(c) Allowed Secured Claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim

☐         **None.** If "None" is checked, the rest of § 4(c) need not be completed.
        (1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

        (2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

        (3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

        (4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

        (5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| **WEST WHITELAND TWNSP** | **5`** | **418 OAKLAND DR Downingtown, PA 19335 Chester County** | **$1,496.49** | **0.00%** | **$0.00** | **$1,496.40** |

### § 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☑        **None**. If "None" is checked, the rest of § 4(d) need not be completed.

### § 4(e) Surrender

☑        **None.** If "None" is checked, the rest of § 4(e) need not be completed.

### § 4(f) Loan Modification

☑ **None**. *If "None" is checked, the rest of § 4(f) need not be completed.*

**Part 5:General Unsecured Claims**

3

| Debtor | **SIERRA L MCMONAGLE** | Case number | **21-11560** |

**§ 5(a) Separately classified allowed unsecured non-priority claims**

☐ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Claim Number | Basis for Separate Clarification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
| **ECMC** | **2** | | **Claim 2, Educational loan is not to be paid through the plan;no discharge sought** | **$0.00** |

**§ 5(b) Timely filed unsecured non-priority claims**

(1) Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follow**s** *(check one box)***:**

☐ Pro rata

☑ 100%

☐ Other (Describe)

---

**Part 6: Executory Contracts & Unexpired Leases**

☑ **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

---

**Part 7: Other Provisions**

**§ 7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly.  All other disbursements to creditors shall be made to the Trustee.

(4) If Debtor is successful in obtaining a recovery in personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor or the Trustee and approved by the court..

**§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                                          Best Case Bankruptcy

Debtor   **SIERRA L MCMONAGLE**                                 Case number   **21-11560**

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

c6)Salse ofReal Ppropert.

(3)dcRehalrefidiyprihofucioh DfaRlash-plilyrosieralge in thleforthvsmighingnher Dredtoin tbpfoylarvshigsiengxpensees andhaln

b3),Slaim$563treaythenprios(oryo)-aff4troconveymaiools ofdemarketablseetilseeto the pu chser )-14. However,d nohdingin.

idaf6dMfisdBfrHaidDefor has novobirecre.

| Debtor | **SIERRA L MCMONAGLE** | Case number | **21-11560** |

      By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date:   **September 30, 2021**

**/s/ Richard N Lipow**
**Richard N Lipow**
Attorney for Debtor(s)

      If Debtor(s) are unrepresented, they must sign below.

Date:   **September 30, 2021**

**/s/ SIERRA L MCMONAGLE**
**SIERRA L MCMONAGLE**
Debtor

Date:

Joint Debtor

6